UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.: 1:26-cv-06063

=========================================X
MARGOT FOSTER,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.
=========================================X

**COMPLAINT**

Plaintiff, MARGOT FOSTER, by her attorneys ELEFTERAKIS, ELEFTERAKIS & PANEK complaining of the Defendant herein, respectfully shows to this court and alleges as follows:

NATURE OF THE ACTION

1. This action is brought to recover money damages for the serious and personal injuries sustained by Plaintiff as a result of Defendant's negligence.

JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. §§ 2671, *et seq*. ("Federal Tort Claims Act").
3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).
4. Venue properly lies in this district court under 28 USC § 1391(b)(2).

PARTIES

5. Plaintiff is an adult resident of the County of Brooklyn, State of New York.
6. The United States Department of the Interior is an executive department of the United States of America which operates, manages, directs, and controls public lands and national parks, including but not limited to the Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard in Queens, New York.

AS AND FOR A FIRST CLAIM FOR RELIEF - NEGLIGENCE BY THE DEFENDANT

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.
8. That on March 12, 2026, prior to the commencement of this action, Plaintiff served and filed an Administrative Claim entitled "Standard Form 95" in writing, upon the United States Postal Service pursuant to 28 U.S.C. § 2675(a).
9. That more than six months have elapsed since the said Claim was served upon the Defendant and the Defendant has failed and/or refused to make an adjustment of any claim herein set forth and, as such, there has been a "final denial of the claim" pursuant to 28 U.S.C. § 2675(a).
10. That all conditions precedent to the bringing of this action have been complied with.
11. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA** owned Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.
12. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, was a lessee of Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.
13. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, was a lessor of Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.
14. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, managed Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.
15. That at all the times hereinafter alleged, and upon information and belief, the Defendant,

**UNITED STATES OF AMERICA**, managed the restrooms at Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, maintained Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, maintained the restrooms at Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, controlled Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, operated Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

20. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, operated the restrooms at Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

21. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, supervised Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York

22. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, inspected Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

23. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED STATES OF AMERICA**, inspected the restrooms at Jacob Riis Park, located at or near 157 Rockaway Beach Boulevard, in County of Queens, State of New York.

24. That on or about August 3, 2025, the Plaintiff, **MARGOT FOSTER**, was on the aforesaid premises, specifically inside of the restrooms for the beach.

25. That on or about August 3, 2025, while the Plaintiff, **MARGOT FOSTER**, was on the aforesaid premises, she was caused to be injured when she slipped and fell due to a slick, wet and/or slippery substance on the floor.

26. That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the Defendant owned, operated, maintained, managed, supervised, inspected and/or controlled the aforesaid premises, without the Plaintiff in any way contributing thereto.

27. That the Defendant herein was negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises and to this Plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid to be, become and remain in a defective, unsafe and dangerous condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

28. That by reason of the foregoing and the negligence of the Defendants, the Plaintiff, **MARGOT FOSTER**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

29. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages of $10,000,000.00

b. Reasonable attorneys' fees and costs; and

c. Such other and further relief as appears reasonable and just.

Dated: New York, New York
September 30, 2026

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:________________________________

David A. Bonilla, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
T. (212)532-1116
F. (212)532-1176
E. dbonilla@eeplaw.com